CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

May 29, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Robin Bordwine**
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JOSEPH E. BOBBITT**, | ) | Civil Action No. 1:23cv00057 |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| **FRANK BISIGNANO,** | ) | By: PAMELA MEADE SARGENT |
| **Commissioner of Social Security,** | ) | UNITED STATES MAGISTRATE JUDGE |
| Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 23) ("Motion"). Based on the reasoning set out below, I recommend that the court grant the Motion.

Joseph E. Bobbitt, ("Bobbitt"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claims for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C. §§ 423 and 1381 *et seq.* Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, on a consent motion filed by the Commissioner, the court, by Order entered June 17, 2024, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 17.) Counsel for Bobbitt filed a petition seeking approval of a fee of under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ("EAJA"), in the amount of $4,657.63 for his representation of Bobbitt before this court. (Docket Item No. 19.) Thereafter, plaintiff's counsel filed a Stipulation, stating the parties had negotiated an EAJA fee settlement in the amount of $4,300.00. (Docket Item No. 21.) By Order entered July 19, 2024, the court granted

1

EAJA fees in the amount of $4,300.00, pursuant to the parties' Stipulation. (Docket Item No. 22.)

Counsel for Bobbitt now has filed a petition seeking approval of a fee in the amount of $3,307.00 for representing Bobbitt in this court, pursuant to 42 U.S.C. § 406(b). (Docket Item No. 23) ("Motion"). Pursuant to the court's Order, the Commissioner responded on May 1, 2026, stating he neither supported nor opposed the Motion. (Docket Item No. 26). This case is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

As an initial matter, the court notes that counsel states in the Motion that the $3,307.00 fee he now is requesting, "represent[s] the balance of 25% of Plaintiff's past-due benefits … after offset for fees previously awarded under the [EAJA]." Motion at 1. The court construes the Motion as seeking the entire 25 percent amount of past-due benefits, or $7,607.00, withheld by the Social Security Administration, ("SSA"). If the court did not so construe the Motion, counsel for Bobbitt would potentially be in the untenable position of receiving a smaller award than the EAJA award, having to reimburse Bobbitt that smaller amount and, ultimately, receiving a total fee of only $4,300.00. This is because an award of fees under 42 U.S.C. § 406(b) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the Government. "Because the Social Security Act … and the … EAJA both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Tamantha C.W. v. Bisignano*, 2025 WL 3556048, at *2 (quoting *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1216-17 (9th Cir. 2012) (citing Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 183, 186)). Where attorney's fees are awarded under both provisions, the EAJA

2

compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case, an attorney is not allowed a double recovery, in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing Pub. L. 99-80, § 3, 99 Stat., 186).

While not precisely analogous to the case at bar, the cases of *Tamantha C.W.*, 2025 WL 3556048 and *Phillip S.S. v. O'Malley*, 2024 WL 6955224 (D. S.C. Nov. 18, 2024), are instructive. In those cases, plaintiffs' counsel had previously received EAJA fees and, although they agreed these fees should be refunded to the plaintiff, they requested that, instead of directing the SSA to release the entire 25 percent fee to counsel, the court direct it to release only the difference between the 25 percent fee and the EAJA fee previously paid. In other words, they asked the court to use a netting method. In both of these cases, however, the court held that the plain language of the Savings Provision imposes an obligation on the attorney, not the court, to make the refund of the smaller award. *See Tamantha C.W.*, 2025 WL 3556048, at *3; *Phillip S.S.*, 2024 WL 6955224, at *4. The court also held that the Savings Provision contains no language requiring courts to take any action with respect to the refund or to order a specific refund procedure. *See Tamantha C.W.*, 2025 WL 3556048, at *3 and *Phillip S.S.*, 2024 WL 6955224, at * 4 (citing *O'Donnell v. Saul*, 983 F.3d 950, 956-57 (7th Cir. 2020)) (citation and internal quotation marks omitted). In arriving at this conclusion, the court stated that, even though the Fourth Circuit had not addressed the permissibility under the Savings Provision of the type of award of attorney's fees requested by counsel, it was persuaded, like several other courts within the Fourth Circuit that had considered the issue, that the plain language of the Savings Provision contemplates the attorney returning to the claimant the overpayment of the smaller amount. *See Tamantha C.W.*, 2025 WL 3556048, at *4; *Phillip S.S.*, 2024 WL 6955224, at *4. Additionally, the court declined to award the fee in the manner requested by counsel even if it had the discretion to do so. *See Tamantha C.W.*, 2025 WL 3556048,

3

at *4 and *Phillip S.S.*, 2024 WL 6955224, at *4 (citing *O'Donnell*, 983 F.3d at 957) (even if § 406(b) allows the netting method, it is disfavored, given the language of the Savings Provision that anticipates an attorney-to-client refund)) .

In the case at bar, plaintiff's counsel does not ask the court to use a netting method to ultimately arrive at the allowable 25 percent fee, but he is, nonetheless, asking the court do something it cannot do.  Specifically, it seems to the undersigned that plaintiff's counsel is requesting for this court to add the two fee amounts together to reach the 25 percent amount of past-due benefits, but not be obliged to refund either. However, as stated above, the language of the Savings Provision is clear that the smaller of the two amounts must be refunded by counsel.  All of this being the case, the court construes the Motion as requesting $7,607.00, which represents 25 percent of Bobbitt's past-due benefits.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).  The United States Supreme Court has held that "the 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill,* 139 S. Ct. 517, 522 (2019).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht,* 535 U.S. at 808. Bobbitt's counsel has provided the court with a fee agreement in this case, dated February 8, 2022, which states, in relevant part: "[I]f this claim is appealed to the U.S. District Court, and a second hearing is held pursuant to a remand, my attorney may file a Fee Petition for more than $6,000.00, but

in no event more than 25% of the retroactive benefits paid on my account." (Docket Item No. 23-2.) Counsel also has provided the court with a copy of the Social Security Administration's October 6, 2025, Notice of Award letter, which does not list an amount of past-due benefits, but it does state that the Administration had withheld $7,607.00, or 25 percent, from Bobbitt's past-due benefits for payment of an attorney's fee. (Docket Item No. 23-3 at 3.)

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called lodestar method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

In the present case, Bobbitt's counsel has supplied evidence that shows that a total of 19.1[1] hours was spent representing Bobbitt in this court. Counsel did not designate which of those hours were for services performed by an attorney and which were performed by paralegals, nor did he suggest an appropriate hourly fee for either the attorney's services or paralegal services rendered in this case.

---

[1] Counsel stated in his Motion that 18.6 hours of work were performed before this court in Bobbitt's case, but the amounts of time submitted by counsel in his itemization total 19.1 hours.

The court notes that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the sworn, itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel claims 1.5 hours of time for consulting with Bobbitt, reviewing the file and filing the Complaint. I recommend the court allow 1.0 hour of attorney time and 0.5 hour of nonattorney time for these activities. Plaintiff's counsel also claims 0.2 hour of attorney time for receiving and reviewing the Answer to the Complaint. I find this is a reasonable request, which I recommend the court allow. Counsel claims a combined 1.0 hour of attorney time for preparing and filing two separate motions for extension of time. These routine motions are virtually identical, with the exception of the dates, and the substantive portions of these motions are one page in length. The attached proposed orders, also identical with the exception of the dates contained therein, are comprised of only two sentences. For these reasons, I recommend the court allow 0.5 hour of nonattorney time for both of these activities combined. Plaintiff's counsel also claims

6

4.2 hours of time to review the administrative transcript. I find this request reasonable, as the transcript is more than 1,400 pages in length, and I recommend that the court allow the same. Plaintiff's counsel claims a total of 11.2 hours of attorney time for the following activities: drafting a statement of facts, outlining relevant information, researching and drafting arguments and preparing and filing the motion for summary judgment.[2] As this court stated in *Chapman*, "[i]n the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client." 2009 WL 3764009, at *2. A review of the plaintiff's brief shows it is only 11 pages in length, with three of those pages being the Statement of Facts, and six and a half being the Arguments. (Docket Item No. 14). I recommend allowing 5.0 hours of attorney time and 3.0 hours of nonattorney time for these activities. Plaintiff's counsel also claims 0.5 hour of attorney time for receipt and review of the Commissioner's consent motion to remand. I recommend allowing 0.25 hour of attorney time for this. Lastly, Plaintiff's counsel claims 0.5 hour of attorney time for reviewing and preparing the EAJA motion. I recommend allowing 0.25 hour of attorney time and 0.25 hour of nonattorney time for this activity, as the motion appears to be a routine, two-page document, easily prepared by a nonattorney.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 10.9 hours of attorney time and a total of 4.25 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour

---

[2] The court notes that no "motion for summary judgment" was filed in this case. Therefore, this entry will be construed to refer to the plaintiff's brief.

and associate counsel at $100 per hour).  At a $75 rate, $318.75 of the requested fee would be payable for nonattorney time. That would leave $7,288.25 for counsel's time, which, if paid for the remaining 10.9 hours of work, would result in a payment of approximately $668.65 per hour. While I cannot in good conscience find that such a fee in a social security disability case is reasonable per se, I am, as stated above, obligated to consider Bobbitt's fee agreement.  This fee agreement allowed for the payment of 25 percent of past-due benefits if, as here, Bobbitt's claim was appealed to this court, and a second hearing was held pursuant to a remand.  Therefore, under the terms of the fee agreement, counsel cannot charge Bobbitt more than $7,607.00 for an attorney's fee. There is no evidence before the court that counsel's actions contributed to a delay allowing an accumulation of past-due benefits.   Finally, as stated above, the Government has responded to the Motion, taking no position as to the award of the requested fee.   Considering all these things, and in light of the fact that counsel undertook the case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $7,607.00 is reasonable for the attorney's services before this court, and I recommend that the court award the requested attorney's fee in the amount of $7,607.00.  However, I further recommend that the court order plaintiff's counsel to refund the previously awarded $4,300.00 EAJA fee to Bobbitt.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney, Joel C. Cunningham, Jr., a fee of $7,607.00 and order counsel to refund to Bobbitt the $4,300.00 fee he previously received pursuant to the court's Order awarding EAJA fees.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.  At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Senior United States District Judge.

**DATED**: May 29, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

9